IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EUFAULA DRUGS, INC.,          )
                                           )
                Plaintiff,       )    (WO)
                                           )
v.                                 )    CIVIL ACTION NO. 2:05cv370-A
                                         )
                                         )
SCRIPSOLUTIONS,          )
                                         )
               Defendant.   )

## MEMORANDUM OPINION

### I.  INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiff, Eufaula Drugs, Inc. (Doc. #9).

The Plaintiff originally filed a Complaint and an Amended and Restated Complaint in this case in the Circuit Court of Barbour County, Alabama, Eufaula Division, bringing claims for misrepresentation/suppression, breach of contract, unjust enrichment/constructive trust, conspiracy, and injunctive relief.   The Defendant removed the case stating that federal subject matter jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d) and that diversity subject matter jurisdiction exists in this case.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

### II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir. 1983), cert.

denied, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that

they have been authorized to hear by the Constitution or the Congress of the United States.  See

Kokkonen, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit

favors remand of removed cases where federal jurisdiction is not absolutely clear.  See Burns, 31

F.3d at 1095.

### III.  FACTS

The facts relevant to the pending Motion to Remand are as follows:

The Plaintiff, Eufaula Drugs, Inc., ("Eufaula Drugs"), originally filed a complaint in the

Circuit Court of Barbour County, Alabama (Eufaula Division) on February 14, 2005 against

"ScriptSolutions" and various fictitious parties.  Eufaula Drugs filed an Amended and Restated

Complaint on April 8, 2005, bringing claims against "ScripSolutions," and fictitious defendants.

Eufaula Drugs alleges in the Amended Complaint that it is an independently owned

pharmacy and that ScripSolutions is a pharmacy benefit management company.  Eufaula Drugs

states that it entered into an agreement whereby it agreed to dispense prescription medication.

The contract requires ScripSolutions to reimburse Eufaula Drugs for filling name brand

medications at a rate which is determined by using the Average Wholesale Price, or AWP.

Eufaula Drugs asserts that ScripSolutions failed to fully reimburse it, and members of the class,

using the AWP. Eufaula Drugs seeks to assert claims on behalf of a nationwide class.

ScripSolutions presents evidence as to the total number of brand name prescriptions

reimbursed for Eufaula Drugs, and various putative class members.

### IV.  DISCUSSION

Removal of a case to federal court is only proper if the case originally could have been brought in federal court.  See 28 U.S.C. § 1441(a).  ScripSolutions has removed the case on the theories that subject matter jurisdiction exists under both the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d),[1] and the traditional diversity statute, 28 U.S.C. § 1332 (a).[2]  The court begins with the issue of the existence of subject matter jurisdiction under the CAFA.

A.  Subject Matter Jurisdiction under the Class Action Fairness Act

Eufaula Drugs does not dispute that the provisions of the CAFA would be met in this case if the CAFA were applied, but argues that the CAFA does not provide a basis for subject matter jurisdiction in this case because it cannot be applied to a case which was commenced before the statute's effective date.

Clearly, the "CAFA is not retroactive." Exxon Mobil Corp. v. Allapattah Services, Inc., __ U.S. __, 125 S.Ct. 2611, 2628 (2005).  The CAFA provides that the amendments made by the Act apply to any civil action commenced on or after the date of enactment, which was February

---

[1] 28 U.S.C. § 1332(d)(2) provides as follows:
The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–
(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

[2] Under this section, subject matter jurisdiction exists where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

3

18, 2005.  Eufaula Drugs takes the position that this case commenced on February 14, 2005.
ScripSolutions asserts, however, that the case was commenced as to it on April 8, 2005.

The relevant facts are that Eufaula Drugs filed a Complaint in this case on February 14,
2005, which named "ScriptSolutions" as a Defendant.  Eufaula Drugs provided a summons on
February 28, 2005 and attempted to have that Defendant served at 1935 Kingstown Road in
Elmsford, New York.  Eufaula Drugs then had an alias summons issued for service on Shupback,
Williams & Pavone LLP, which is listed as ScriptSolutions, Inc.'s agent for receipt of service of
process in its certificate of incorporation, but the listed agent returned the summons to Plaintiff's
counsel, stating that the corporation was defunct.  On April 8, 2005, Eufaula Drugs filed an
Amended and Restated Complaint naming "ScripSolutions" instead of "ScriptSolutions" and had
an alias summons issued listing an address of 100 Clearbrook Drive in Elmsford, New York.
Service by certified mail was had at that address. Other than the substitution of ScripSolutions
for ScriptSolutions in the style of the Amended and Restated Complaint, and the correction of
the Defendant's address in paragraph 6, the two Complaints are substantially identical.

The court gave the parties additional time in which to submit evidence on the point of
whether there are two separate corporate entities by those names.  ScripSolutions has presented
evidence that the corporations are separate and unrelated.  Script Solutions, Inc. is a New York
State corporation with its principal place of business in Queens County, New York.
ScripSolutions is a Delaware corporation with its headquarters in Westchester County, New
York and a business office in Rhode Island.  Colucci Declaration at ¶¶ 2, 6.

The court also gave the parties additional time in which to file supplemental briefs
discussing Knudsen v. Liberty Mutual Insurance Company, 411 F.3d 805 (7th Cir. 2005).  While

factually distinct from this case, the reasoning of the <u>Knudsen</u> case is helpful in the analysis of this case.  In <u>Knudsen,</u> a defendant attempted to remove a case under the CAFA by arguing that the plaintiffs' redefinition of the class commenced a new action for purposes of CAFA application.  The court rejected this argument.  The court reasoned that any act, short of filing a new lawsuit, to be considered a "commencement" of the action must be significant enough to constitute a "restart" which would enable the defendant to assert the statute of limitations.  <u>Id.</u> at 806.  In dicta the <u>Knudsen</u> court stated that if a defendant were added which had not previously been in the suit, it would have the right to remove under CAFA because "suit **against it** would have been commenced after February 18, 2005."  <u>Id.</u> at 808 (emphasis in original).

Under the analysis in <u>Knudsen</u>, commencement of an action can be particular to a defendant and is not based solely on when the complaint is filed.  The court agrees with this analysis.  Although this is the argument advanced by ScripSolutions in this case, this court does not find that that broad proposition answers the inquiry.  Under the <u>Knudsen</u> case, in determining whether an act short of filing the complaint is sufficient to constitute commencement, the act taken with respect to a particular defendant should have the effect of establishing a date for statute of limitations purposes.  Such an inquiry requires application of "relation back" principles.  <u>See</u> <u>Senterfett v. SunTrust Mortgage, Inc.</u>, No. CV 105-059, 2005 WL 2100594 at * 2 (S.D. Ga. Aug. 31, 2005) (relying on <u>Knudsen</u> and applying relation back principles to determine whether there was a sufficient step to commence a new case against a defendant).

Although the <u>Knudsen</u> court referred, in dicta, to the statute of limitations and the operation of relation back in its discussion, it did not engage in any analysis relevant to those issues because those issues were not before it.  Because the situation which had not yet been

5

presented in <u>Knudsen</u> is now before this court, this court must engage in the relevant analysis of relation back of the Amended and Restated Complaint.  If the Amended and Restated Complaint relates back to the filing of the original Complaint, for statute of limitations purposes, the CAFA does not apply; if it does not relate back, the CAFA applies.

Eufaula Drugs argues that the Amended Complaint relates back pursuant to Alabama Rule of Civil Procedure 15(c)(3), so no new action was commenced as to ScripSolutions on the date it amended its Complaint.

Under Alabama Rule of Civil Procedure 15(c):[3]

An amendment of a pleading relates back to the date of the original pleading when
* * *

(2) the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ., or

(3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

---

[3] The court notes that another district court decision which has analyzed relation back principles in applying the CAFA used the federal rule of civil procedure.  <u>See</u> <u>Senterfett v. SunTrust Mortgage, Inc.</u>, No. CV 105-059, 2005 WL 2100594 (S.D. Ga. Aug. 31, 2005). Because the relevant portion of the federal rule and the Alabama rule are the same, this court would also find that the Amended and Restated Complaint in this case relates back under the federal rule.

ScripSolutions argues that there is no relation back because there was no way that it should have known that but for a mistake concerning the identity of the party, the action would have been brought against it.

It appears to the court that the Amended and Restated Complaint would relate back under Alabama Rule of Civil Procedure 15(c)(3) because ScripSolutions was on notice within 120 days of the filing of the original Complaint that but for the mistake in naming ScripSolutions, it would have been named in the Complaint.   ScripSolutions was served with a copy of the Amended and Restated Complaint which, when compared to the original Complaint, reveals that in it Eufaula Drugs no longer pursued any claim against "ScriptSolutions," but only restated the complaint to bring the same allegations against "ScripSolutions."  It is clear from the comparison of the complaints that the allegations remained the same, and that one Defendant was substituted for another.  In addition, ScripSolutions had in its records its agreement with Eufaula Drugs, such as was alleged in the Amended and Restated Complaint, and also was put on notice within 120 days of the filing of the original Complaint, by the reply brief filed on June 14, 2005 in response to the Motion to Remand, that Eufaula Drugs had intended to sue ScripSolutions and named "ScriptSolutions" in the original Complaint through error.  Furthermore, this notice was such that ScripSolutions "will not be prejudiced in maintaining a defense on the merits" as required by the rule.

ScripSolutions also argues that the case was not commenced as to it until after the effective date of the CAFA because a lawsuit is not commenced upon the mere filing of a complaint.  Instead, there must be a bona fide intent to proceed with the action at that time.  See Pettibone Crane Co. v. Foster, 485 So. 2d 712, 714 (Ala. 1986).  Eufaula Drugs argues that the

7

rule in the <u>Pettibone Crane Co.</u> decision is only relevant in analyzing when an action is commenced for purposes of the statute of limitations.  Because, under the rationale used by the <u>Knudson</u> court, with which this court agrees, commencement for purposes of statute of limitations is used in determining commencement under the CAFA, the court finds the <u>Pettibone Crane Co.</u> decision helpful in its analysis.

Under Alabama law, a complaint is commenced for purposes of the statute of limitations when it is filed with the intention of having process served in due course.  <u>Pettibone</u>, 485 So. 2d at 713.  Filing a complaint without instructions for service is not sufficient to commence a case for purposes of the statute of limitations.  <u>Id.</u> at 714.

Under the facts of this case, wherein Eufaula Drugs timely provided information which allowed the defendant named in the original complaint to be served, then provided information to allow for the issuance an alias summons, then filed an Amended and Restated Complaint with which the correct Defendant was served, the court concludes that suit was filed with the intention of having process served in due course.  The mere fact, pointed to by ScripSolutions, that other similar lawsuits have been filed which include this Plaintiff does not undermine this conclusion.  Accordingly, this case was commenced for purposes of the CAFA before the effective date of the CAFA, and there is no subject matter jurisdiction under the CAFA.

B.  Subject Matter Jurisdiction under 28 U.S.C. § 1332(a)

ScripSolutions argues that this court has subject matter jurisdiction because the traditional diversity statute is satisfied in this case.  There is no issue as to diversity of citizenship.  Therefore, the only issue with respect to the applicability of the diversity statute is existence of the requisite amount in controversy.

Eufaula Drugs has sought compensatory and punitive damages as well as injunctive relief on behalf of itself and each class member, but states in the Amended and Restated Complaint that the amount sought by each class member does not exceed $74,500.

Where a plaintiff specifically claims less than the requisite jurisdictional amount, a defendant must prove to a "legal certainty" that the plaintiff's claims would not yield a recovery less than the jurisdictional amount. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). This burden is a heavy one, as federal courts are courts of limited jurisdiction, and a presumption of truth attaches to the representations made by officers of the court. See id.

This court has accepted a plaintiff's limitation on damages on behalf of a class in previous cases. See Hooks v. Associates Financial Services Co., Inc., 966 F. Supp. 1098 (M.D. Ala. 1997); Crawford v. American Bankers Ins. Co. of Florida, 987 F. Supp. 1408, 1140 (M.D. Ala. 1997); see also Hall v. ITT Financial Services, 891 F. Supp. 580, 582 (M.D. Ala. 1994) (Thompson, J.).

The Eleventh Circuit, while not explicitly ruling on the issue, has accepted for purposes of its analysis of a jurisdictional issue that a class representative limited the amount of compensatory damages. See Davis v. Carl Cannon Chevrolet-Olds, Inc., 182 F.3d 792, 794 (11th Cir. 1999). As noted by the concurrence in the Davis case, plaintiffs' lawyers are increasingly filing national class actions, "carefully crafting the language in the petitions or complaints in order to avoid the amount in controversy requirement of the federal courts" and "federal precedent . . . mandates that this practice be permitted." Id. at 798 (Nagle, J., concurring).

9

ScripSolutions' arguments that Eufaula Drugs cannot limit to $74,500 the amount of damages recoverable by each putative class member are grounded in its view of the policies underlying class certification.  ScripSolutions argues that the mere fact that putative class members ultimately may opt out of any class which is certified is not dispositive because courts cannot reasonably assess the required elements of class certification when there is an invitation to class members with greater damages to opt out of the class.  ScripSolutions also states that Congress has expressed a policy not to leave nationwide class actions in the hands of class members with small stakes.  Finally, ScripSolutions argues that fiduciary standards of class representatives do not allow for the limitations such as the one in this case.  ScripSolutions has not cited this court, however, to any binding authority[4] which has concluded that the policies it has identified outweigh the principle that the "plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth." Burns, 31 F.3d 1092, 1095.

While it may be that, by limiting the class recovery, Eufaula Drugs has raised issues as to its fitness to act as a class representative, those are questions to be resolved in the class certification stage and do not determine jurisdictional issues. See Hall, 891 F. Supp. at 582 (stating "such a restriction might be a reason to deny class certification; in other words, the state

---

[4] In addition to two district court cases from outside of this district which were cited by ScripSolutions which are not binding on this court, this court is aware of one Fifth Circuit Court of Appeals decision which stated that it was "improbable" that a plaintiff can ethically unilaterally waive rights of the class without their authorization. See Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 724 (5th Cir. 2002).  That observation, however, was made in a case in which the burden was shifted from the removing defendant to the plaintiff to demonstrate to a legal certainty that the controversy did not exceed the jurisdictional amount, and so is not persuasive in this case.

court could conclude, after remand, that [the plaintiff] is not an adequate class representative. This court should not, however, force a plaintiff to seek more money than she wants."). Accordingly, under <u>Burns</u>, the court accepts Eufaula Drugs' representation, through its attorney, that the amount in controversy is $74,500, or less, per plaintiff.  The burden, therefore, is placed on ScripSolutions to prove to a legal certainty that the amount sought is more than $75,000 for at least one plaintiff.

ScripSolutions apparently has not attempted to demonstrate to a legal certainty that Eufaula Drugs has suffered damages in an amount in excess of the jurisdictional amount. ScripSolutions instead focuses on unnamed plaintiffs.  ScripSolutions provides evidence of the total amount of reimbursement of name brand prescriptions for Walgreens, CVS, and WalMart during the class period. <u>See</u> Declaration of John Colucci.[5]

There is a question in the relevant case law as to whether it is sufficient that an unnamed class member meets the jurisdictional amount, in the exercise of supplemental jurisdiction over the remainder of the class.  As this court has noted in an earlier case, the Eleventh Circuit has previously remanded a case for the district court to determine whether any member of the class met the jurisdictional amount.  <u>See</u> <u>Chapman Funeral Home, Inc. v. Nat'l Linen Serv.</u>, 178 F. Supp. 2d 1247, 1250 (M.D. Ala. 2002) (citing <u>Morrison v. Allstate Indemnity Co.</u>, 228 F.3d

---

[5] According to ScripSolutions' evidence, of the three identified class members, Walgreens had the highest number of brand name prescriptions reimbursed by ScripSolutions during the class period.

1255, 1273 (11th Cir. 2000)).[6]  After the Eleventh Circuit's ruling in <u>Morrison</u>, and this court's

decision in <u>Chapman</u>, however, the Supreme Court held that

> where the other elements of jurisdiction are present and at least one named
> plaintiff in the action satisfies the amount-in-controversy requirement, § 1367
> does authorize supplemental jurisdiction over the claims of other plaintiffs in the
> same Article III case or controversy, even if those claims are for less than the
> jurisdictional amount specified in the statute setting forth the requirements for
> diversity jurisdiction.

<u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, __ U.S. __, 125 S.Ct. 2611, 2615 (2005).

This court only need decide whether the Supreme Court's holding precludes reliance on

an unnamed class members' ability to meet the jurisdictional amount, however, if ScripSolutions

has met its burden of establishing to a legal certainty that there are class members for which the

amount in controversy exceeds the jurisdictional amount.

As stated above, ScripSolutions has submitted evidence of the total reimbursement of

three pharmacies during the class period.  Although not in any evidence, in its Notice of

Removal, ScripSolutions states that one of the pharmacies, Walgreens, was reimbursed $50

million for 570,000 brand name drug prescriptions in 2004.  ScripSolutions states that, if

Walgreens was under-reimbursed by only 2 cents per name brand prescription, over the six years

of the class period, the amount of damages sustained by Walgreens would be $125,000 and

would exceed the jurisdictional amount.  Again, these statements are not supported by any

evidentiary submissions.  ScripSolutions has provided evidence, however, that Walgreens was

---

[6] Eufaula Drugs states that <u>Morrison</u> is in conflict with an earlier panel opinion, but that
opinion stated that "one individual plaintiff" had to meet the jurisdictional amount, and it is
unclear whether the opinion intended to specify that the plaintiff had to be a named plaintiff.  <u>See
Darden v. Ford Consumer Fin. Co.</u>, 200 F.3d 753, 756 (11th Cir. 2000).

reimbursed for 6,202,330 name brand prescriptions during the class period.  See Colucci
Declaration.

Eufaula Drugs has responded that there is no evidence that each brand name prescription
was under-reimbursed and that if only half of the brand name prescriptions were under-
reimbursed, the jurisdictional amount would not be met.  Eufaula Drugs also states that
ScripSolutions has presented no evidence that the value of any of its customer's damages
exceeds $75,000.

This court agrees that ScripSolutions' statements, and its limited evidentiary support, are
not sufficient to establish that Walgreens' recovery must be greater than that requested in the
Amended and Restated Complaint and the jurisdictional amount. While ScripSolutions argues
that the under-reimbursement must be at least two or three cents per prescription for Eufaula
Drugs to have filed suit for anything less than a de minimus amount on its own behalf, there is
nothing in the Complaint which indicates that this is Eufaula Drugs' position.  The Amended and
Restated Complaint states that, although ScripSolutions had access to AWP, ScripSolutions did
not "fully reimburse" the pharmacies in the class.  Amended and Restated Complaint at ¶ 12.
There also is nothing in the Amended and Restated Complaint which states that the
reimbursement amount was calculated in a uniform manner for all class members, or even for all
prescriptions.  If instead of two or three cents, the under-reimbursement amount was one cent per
prescription, using ScripSolutions' evidence that Walgreens was reimbursed for 6,202,330 name
brand prescriptions during the class period, Walgreens would be entitled to approximately

$62,000 in damages.[7]   In addition, ScripSolutions has made no showing as to the amount of punitive damages which any plaintiff might be expected to recover.  Cf. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 809 (11th Cir. 2003) (past punitive damages awards in other cases not sufficient proof of jurisdictional amount under the preponderance of the evidence test).  Therefore, the jurisdictional amount has not been established to a legal certainty.[8]

ScripSolutions also has contended that any gap between damages requested and the jurisdictional amount would be filled by sales which occur from the date of the Complaint to the judgment, but has provided no evidence of that amount.  ScripSolutions further states that the gap between the amount claimed in the Amended and Restated Complaint and the jurisdictional amount would be filled by interest on the award, but the diversity statute excludes consideration of interest, and ScripSolutions has not pointed to any reason why the interest in this case would be considered.  See 28 U.S.C. § 1332; cf. Insurance Co. of North America v. Keeling, 360 F.2d 88, 92 (5th Cir. 1966) (distinguishing a case in which interest assessed as a penalty was considered as part of the amount in controversy).

ScripSolutions argues finally, with respect to the injunctive relief requested, that if an injunction in favor of Walgreens increased reimbursement by only $.01 per prescription, the

---

[7] Or, as Eufaula Drugs states, if only half of the reimbursed prescriptions were under-reimbursed by two cents, then Walgreens' damages would also be less than $75,000.

[8] Even applying a preponderance of the evidence test, there is no more reason to view the relief which will be afforded as being two or three cents per name brand prescription rather than one cent per prescription.  Instead, one cent per prescription is consistent with limitation of damages pled by Eufaula Drugs and further is consistent with the policy behind Rule 23 class certifications which affords a feasible litigation avenue to plaintiffs with claims in small amounts.  Whether the named Plaintiff's damages in this case have any bearing on its fitness as a class representative is not an issue before this court.

14

jurisdictional amount would be met.  ScripSolutions states that Walgreens had over 570,000 brand name drug prescriptions in 2004, so that even $0.01 per prescription would be more than $500, if the plaintiff class received the injunctive relief requested.

For amount in controversy purposes, the value of injunctive or declaratory relief is the "value of the object of the litigation" measured from the plaintiff's perspective.  <u>Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.</u>, 120 F.3d 216, 218-20 (11th Cir.1997) (citations omitted).  The value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.  <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1268 (11th Cir. 2000).   In evaluating the value of injunctive relief, a court must "insure that the benefits resulting from an injunction are not counted where they are so uncertain that the court cannot reasonably determine whether the amount of money placed in controversy by the present suit exceeds $75,000."  <u>Id.</u> at 1268-69.

The Amended and Restated Complaint does not seek $74,500 in damages plus injunctive relief, but instead includes all equitable relief and money damages in the $74,500 limitation.  <u>See</u> Amended and Restated Complaint at ¶ 16.  Therefore, the burden is on ScripSolutions to prove to a legal certainty that the amount in controversy based on all monetary and equitable relief sought exceeds $75,000.[9]

---

[9] ScripSolutions pointed out in the Notice of Removal that there is a request for a constructive trust for amounts by which ScripSolutions has been unjustly enriched, but ScripSolutions has not argued in response to the Motion to Remand that this request be treated in any manner other than an assessment of relief attributable to an individual plaintiff, nor presented any evidence as to the value of such relief.  Accordingly, ScripSolutions has not met its burden of demonstrating that that relief would cause the requested relief to exceed $75,000 for any plaintiff.

As already stated above, ScripSolutions has not demonstrated to a legal certainty that the money damages which could be afforded the plaintiffs exceeds the jurisdictional amount. ScripSolutions has further failed to demonstrate to a legal certainty that considering equitable relief along with the money damages amount exceeds $75,000.

ScripSolutions' argument regarding the value of any injunctive relief is based on the prescriptions reimbursed in the past.  There is no evidence before the court, however, that Walgreens has a contract with ScripSolutions for reimbursement in the future, or that any other unnamed class member has such a contract. Cf. Morrison, 228 F.3d at 1269 (stating that the injunction has no reasonably certain monetary value to any individual class member because it is simply impossible to know which class members will be involved in automobile accidents and assert claims for diminished value); Friedman v. New York Life Ins. Co. 410 F.3d 1350, 1358 (11th Cir. 2005) (where defendant argued that injunction would change future rate structure, the value of an injunction was speculative because the contractual relationship could be terminated). Further, the court has no evidence as to whether the number of prescriptions reimbursed in the past would be the same number in the future for Walgreens.  In addition, with respect to Walgreens or any other unnamed class member, the court has no evidence as to the percentage of prescriptions which were under-reimbursed or the amount by which they were under-reimbursed, nor whether such amounts will remain the same.  Morrison, 228 F.3d at 1269 (stating that the value of injunction is speculative where the amount of potentially diminished value insurance claims is uncertain); see also Lutz v. Protective Life Ins. Co., 328 F. Supp. 2d 1350, 1360 (S.D. Fla. 2004) (finding that a statement as to the amount of premiums to be received in the future is

speculative as to aggregate value "as it includes the total amount of premiums Defendant is scheduled to receive and not simply the amount of allegedly improper increases.").

The Plaintiff's attorney, an officer of the court, has expressly limited the claims of Eufaula Drugs and each class member to a total amount of $74,500 per plaintiff, including monetary and injunctive relief.  This court is to give "great deference to such representations and presume them to be true."  <u>Federated Mut. Ins. Co.</u>, 329 F.3d at 808.  ScripSolutions has not shown to a legal certainty that any monetary recovery and injunctive relief in favor of Eufaula Drugs, or any unnamed class member, must exceed $75,000.  Therefore, given the legal certainty test required by <u>Burns</u>, and the admonition by the Eleventh Circuit that doubts as to the existence of jurisdiction are to be resolved in favor of remand, <u>Burns</u>, 31 F.3d at 1095, the court concludes that ScripSolutions has not established that diversity jurisdiction exists in this case, even assuming, without deciding, that an unnamed class member can, based on sufficient proof, provide the basis for diversity jurisdiction from which to exercise supplemental jurisdiction over the remainder of the class.

## IV.  CONCLUSION

For the reasons discussed above, this court lacks subject matter jurisdiction under either the Class Action Fairness Act or 28 U.S.C. § 1332.  Therefore, the Motion to Remand is due to be GRANTED.  A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 6th day of October, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE